1  Stella Havkin (SBN 134334)
   HAVKIN & SHRAGO
2  Attorneys at Law
   5950 Canoga Avenue, Suite 400
3  Woodland Hills, CA 91364
   Telephone: (818) 999-1568
4  Facsimile:  (818) 293-2414

5  Attorneys for Wesley H. Avery, Chapter 7 Bankruptcy Trustee

6

7

8

9                     UNITED STATES BANKRUPTCY COURT

10        CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

11  In re                                  )  Case No. 2:23-bk-16038-DS
                                           )
12  MEREDITH BLAKE,                        )  Chapter 7
                                           )
13                                         )
                                           )
14                       Debtor.           )  **CHAPTER 7 TRUSTEE'S MOTION FOR**
                                           )  **APPROVAL OF COMPROMISE WITH**
15                                         )  **CLAIMANT JEREMIAH LANGER;**
                                           )  **MEMORANDUM OF POINTS AND**
16                                         )  **AUTHORITIES; AND DECLARATION**
                                           )  **OF WESLEY H. AVERY IN SUPPORT**
17                                         )  **THEREOF**
                                           )
18                                         )  [No Hearing Requires unless requested
                                           )  pursuant to Local Bankruptcy Rule 9013-1(o)]
19                                         )
                                           )
20                                         )  Date:      [To be determined]
                                           )  Time:      [To be determined]
21                                         )  Place:     255 E. Temple St
                                           )             Los Angeles, CA 90012
22                                         )             [Fed.R.Bankr.P. 9019]
                                           )

23  _____

24  **TO THE HONORABLE DEBORAH J.  SALTZMAN, UNITED STATES**

25  **BANKRUPTCY JUDGE; THE DEBTOR; THE DEBTOR'S ATTORNEY; THE OFFICE**

26  **OF THE UNITED STATES TRUSTEE; AND INTERESTED PARTIES:**

27

28        Pease take notice that Wesley H. Avery, the duly appointed and acting chapter 7 trustee

(the "Trustee") of the bankruptcy estate (the "Estate") of the above-captioned debtor Meredith Blake, (the "Debtor"), in Case No. 2:23-bk-16038-DS (the "Bankruptcy Case"), hereby moves this Court for an order pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure approving the Settlement Agreement Between the Trustee and Claimant Jeremiah Langer (the "Agreement").

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION AND BACKGROUND

1.    On September 16, 2023, ("Petition Date"), after the Family Court made numerous adverse findings against the Debtor but before the Family Court entered a final judgment in the Dissolution Action, the Debtor filed for voluntary petition for relief under Chapter 7 of the Bankruptcy Code in this case. (Dkt No. 35 pg 11 and 12 ¶¶13 and 14).

2.    On September 16, 2023, Wesley H. Avery was appointed as the Chapter 7 Trustee for the case.

3.    On December 26, 2023, Claimant Jeremiah Langer ("Langer") filed a proof of claim number 5 in this case for $350,000.

4.    On March 18, 2024, the Debtor filed a lawsuit against Langer in the Superior Court with the Case Number 24SMCV01251 ("Unscheduled Lawsuit").  The Debtor has previously sought similar claims, lost and appealed.  She is now asserting virtually the same claims that she had lost over and over again.  Nevertheless, the Debtor apparently believed that she had a claim against her former husband.   The Debtor has been improperly litigating the Unscheduled Lawsuit without authorization from the Trustee and the Bankruptcy Court.

5.    On June 27, 2024, the Debtor filed amended schedules (Docket No. 79) ("Amendment") to include the Unscheduled Lawsuit under Question 33.  The Trustee filed an objection to

the Amendment ('Objection"). The Court sustained the Objection on September 13, 2024

(Docket No 85).

6.    The Trustee has engaged in resolution of claims held by Langer against the Estate

and Estate's claims against him. The parties reached a settlement which is documented in the

settlement agreement. The executed settlement agreement is attached to the Declaration of Wesley

H. Avery as Exhibit "1."

8.    The Trustee has determined that it is in the best interests of the Estate to

compromise with Langer and to resolve all claims that Langer has against the Estate and the

Estate's claims against him. Through the resolution, Langer will pay the Estate $39,000 and

withdraw his claim of $350,000 against the Estate. In addition, Langer's family law counsel will

turn over to the Estate the funds being held by his counsel in the sum of $30,042.31 which was

awarded to the Debtor by the family law court and is property of the Estate.

### A. **The Major Terms of the Agreement**

Recognizing the litigation risks, and desiring to eliminate the costs of litigation, the Trustee

and Langer (collectively the "Parties") agree that it is in their mutual best interests to settle their

dispute. The Parties have agreed to the following general terms of the settlement agreement (the

following is only a summary of the settlement agreement and all parties in interest are respectfully

directed to the agreement attached to the Avery Declaration as Exhibit "1", for the specific terms

of the agreement.

1.    Approval.    The order of the Bankruptcy Court authorizing and approving the

Agreement and the transactions contemplated therein (the "Approval Order"), does not become a

Final Order until (a) the time to file a timely appeal of the Approval Order under Federal

Bankruptcy Rules of Procedure Rule 8002 has passed and no timely appeal is filed; or (b) if a

timely appeal is filed, all timely filed appeals are dismissed with prejudice or the Approval Order is affirmed on appeal and is not subject to further appellate review;

Specific terms of settlement:

A. The Unscheduled Lawsuit being pursued by the Debtor will be dismissed with prejudice as it is without merit and the Debtor had not standing to pursue it in the first place. All claims by the Debtor and Estate against Langer as claimed in the Unscheduled Lawsuit will be released with prejudice.

B. Langer will pay the Estate $39,000.

C. Langer will withdraw his claim of $350,000 against the Estate.

D. Langer's family law counsel will turn over to the Estate in the sum of $30,042.31 which was awarded to the Debtor by the family law court.

As set forth herein, the Agreement is the product of an arm's length negotiation between the Parties, and is in the best interests of the Estate and should be approved.

## 1. ARGUMENT.

### A. <u>Legal Standards for Approval.</u>

Federal Rule of Bankruptcy Procedure 9019 provides that on motion by a Trustee, the Court may approve a compromise or settlement. Fed. B. Bankr. P. 9019(a).

The decision of whether to approve or reject a proposed compromise is addressed to the sound discretion of the Court and is to be determined by the particular circumstances of each case. *In re Walsh Construction, Inc.,* 669 F. 1325, 1328 (9th Cir. 1982); *In re Woodson*, 839 F.2d 610, 620 (9th Cir. 1988); <u>In re A&C Properties</u>, 784 F.2d 1377, 1381 (9th Cir, 1986), *cert. denied*, 479 U.S. 854, 107 S. Ct. 189 (1986).

A Court should review the following factors in determining whether to approve a proposed settlement agreement:

(a) The probability of success in the litigation, (b) the difficulty, if any, to be encountered in the matter of collection, (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it, and (d) the paramount interests of the creditors and a proper deference to their reasonable views in the premises.

*Woodson, supra*, 839 F.2d at 620 (quoting *A&C Properties, supra*, 784 F.2d at 1381). A settlement negotiated by a trustee, as a representative of the Estate, is entitled to deference. *In re Morrison*, 69 B.R. 586, 592 (Bankr. E.D. Pa. 1987).

The Court need not conduct an exhaustive investigation into the validity or a mini-trial on the merits of the claims sought to be compromised. *In re Walsh Construction, Inc., supra*, 669 F.2d at 1328. In fact, the Court need not decide the questions of law and fact raised in the controversies sought to be settled, and need not determine whether the settlement presented is the best one that could possibly have been achieved. Rather, the Court's responsibility is only to canvass the issues to the see 'whether the settlement falls below the lowest point in the zone of reasonableness.'" *In re W.T. Grant Co*., 669 F.2d 599, 608 (2nd Cir. 1983), *cert. denied,* 464 U.S. 822 (1984) (quoting *Newman v. Stein*, 464 F.2d 689, 698 (2nd Cir.), *cert. denied,* 409 U.S. 1039 (1972)).

The Trustee has the right to exercise reasonable business judgment in order to maximize the value of the assets of the Estate. So long as a proposed compromise results in a recovery above the lowest point in the range of reasonable compromises, the Trustee should be authorized to proceed with such compromise. In light of the facts and circumstances in this case, application of the *A&C Properties* factors shows that the compromise set forth in the Agreement is fair and equitable, is in the best interests of the Estate, and is well above the lowest point in the range of reasonableness.

B.  **Application of the *A&C Properties* Factors Demonstrates That the Agreement Should be Approved.**

The Trustee has sufficiently evaluated the Agreement and has compared the benefits of entering into the Agreement as opposed to litigating with Langer. In evaluating the Agreement, the Trustee has reviewed the documents and information available to him, including the risks involved in continuing with litigation against Langer as well as the costs associated therewith. The major issues as asserted by Langer are the funds on deposit with his family counsel were awarded to Langer by the family law court and that he is the biggest creditor of the Estate. Through the Settlement Agreement, Langer's counsel will turn over to the Estate $39,000, the Trustee will dismiss the Unscheduled lawsuit, Langer's family law counsel will turn over to the Trustee the funds on deposit in the sum of $30,042.31 and Langer will withdraw his claim against the Estate in the sum of $350,000. All the claims between the parties have been resolved and the Trustee will be able to commence closure of the case and distribution of funds to creditors.

The Trustee has evaluated the *A&C Properties* factors in exercising his business judgment as to whether to enter into the Settlement Agreement, and has concluded that under these factors, the Settlement Agreement should be approved.

1.  **Probability of Success on the Merits**

The Debtor's claims against Langer have no merit as they have been previously litigated and resolved against her. Equally, the Undisclosed Lawsuit has no merit. Nevertheless, Langer has agreed to pay to the Estate $39,000 to resolve all claims of the Estate against him including the Undisclosed Lawsuit, his proof of claim on file in this case as well as the community property funds on deposit with his family law counsel. In addition, Langer's family law counsel will turn over to the Estate the funds on deposit with counsel which were awarded to the Debtor. As such, the resolution is in the best interest of the Estate.

2.  **The Difficulty, if Any, in Collection.**

There is no issue with collection as the funds are on deposit with Langer's family law

counsel.

      3.  **The Complexity, Expense and Inconvenience of Litigation.**

      The claims are relatively simple but would still require effort and expense to litigate.

      4.  **The Paramount Interests of Creditors.**

      The settlement with Claimant Langer accomplishes the goals of the case and will permit the Trustee to close the case as well as make a meaningful distribution to creditors. Therefore, the Trustee has concluded that it is in the best interests of the Estate to enter into the Settlement Agreement on the terms set forth therein.

**2.**  <u>**CONCLUSION**</u>

      Based thereon, the Trustee respectfully requests that the Court grant this Motion and enter an order:

      1.  Approving the Settlement Agreement;

      2.  Authorizing the Trustee to take any and all other actions necessary or appropriate to effectuate the Settlement Agreement.

      3.  Granting such other relief as the Court deems just and proper.


DATED:  September 30, 2024        HAVKIN & SHRAGO

                      By: /s/ Stella Havkin_____
                          STELLA HAVKIN
                          Attorneys for Wesley H. Avery
                          Chapter 7 Trustee

## DECLARATION OF WESLEY H. AVERY

I, Wesley H. Avery, declare as follows:

1.      I am the duly appointed Chapter 7 Trustee in the Chapter 7 bankruptcy case of Meredith Blake, Case No. 2:23-bk-16038-DS. I have personal knowledge of the facts set forth herein and if called as witness could and would competently testify thereto.

2.      On September 16, 2023, ("Petition Date"), apparently after the Family Court made numerous adverse findings against the Debtor but before the Family Court entered a final judgment in the Dissolution Action, the Debtor filed for voluntary petition for relief under Chapter 7 of the Bankruptcy Code in this case. (Dkt No. 35 pg 11 and 12 ¶¶13 and 14).

3.      On September 16, 2023, I was appointed as the Chapter 7 Trustee for the case.

4.      On December 26, 2023, Claimant Jeremiah Langer filed a proof of claim number 5 in this case for $350,000.

5.      On March 18, 2024, the Debtor filed a lawsuit against Langer in the Superior Court with the Case Number 24SMCV01251 ("Unscheduled Lawsuit").  The Debtor has previously sought similar claims, lost and appealed.  She is now asserting virtually the same claims that she had lost over and over again.  Nevertheless, the Debtor apparently believed that she had a claim against her former husband.  The Debtor has been improperly litigating the Unscheduled Lawsuit without authorization from the Trustee and the Bankruptcy Court.

6.      On June 27, 2024, the Debtor filed amended schedules (Docket No. 79) ("Amendment") to include the Unscheduled Lawsuit under Question 33.  The Trustee filed an objection to the Amendment ('Objection").  The Court sustained the Objection on September 13, 2024 (Docket No 85).

6.      I engaged in resolution of claims held by Langer against the Estate and Estate's

claims against him.  The parties reached a settlement which is documented in the settlement agreement.  The executed settlement agreement is attached hereto as Exhibit "1."

7.    I have determined that it is in the best interests of the Estate to compromise with Langer and to resolve all claims that Langer has against the Estate and the Estate's claims against him.  Through the resolution, Langer will pay the Estate $39,000 and withdraw his claim of $350,000 against the Estate.  In addition, Langer's family law counsel will turn over to the Estate the funds being held by his counsel in the sum of $30,042.31 which was awarded to the Debtor by the family law court and is property of the Estate.

8.    As set forth herein, the Settlement Agreement is the product of an arm's length negotiation between the Parties, and is in the best interests of the Estate and should be approved.

9.    I have sufficiently evaluated the Settlement Agreement and has compared the benefits of entering into the Agreement as opposed to litigating with Langer.  I have evaluated the *A&C Properties* factors in exercising my business judgment as to whether to enter into the Settlement Agreement, and concluded that under these factors, the Agreement should be approved.

10.    The settlement with Langer will permit me to begin the closure of this case and will allow me to make a meaningful distribution to creditors.  As such, the settlement is in the best interests of the Creditors.  Therefore, I concluded that it is in the best interests of the Estate to enter into the Settlement Agreement on the terms set forth therein.

I declare under penalty of perjury under the laws of the United States of America that the Foregoing is true and correct.  Executed on September 30, 2024 at Pasadena, California.

Wesley H. Avery

**EXHIBIT 1**

1  STELLA HAVKIN (SBN 134334)
   HAVKIN & SHRAGO ATTORNEYS AT LAW
2  5950 Canoga Avenue, Suite 400
   Woodland Hills, CA 91367
3  Telephone: (818) 999-1568
   Facsimile: (818) 293-2414
4  Email: stella@havkinandshrago.com

5  Attorneys for Plaintiff Wesley H. Avery, Chapter 7 Trustee

6

7

8                     UNITED STATES BANKRUPTCY COURT

9           CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

10 In re:                              Case No. 2:23-bk-16038-DS

11 MEREDITH BLAKE,
                                       Chapter 7
12
   Debtor.                             STIPULATION FOR SETTLEMENT OF
13                                      CLAIMS    BETWEEN    JEREMIAH
                                        LANGER  AND  WESLEY  H.  AVERY
14                                      CHAPTER 7 TRUSTEE

15                                      [Fed. R. Bankr. P. 9019]

16

17

18

19     TO:  THE  HONORABLE  DEBORAH  J.  SALTZMAN,  UNITED  STATES

20 BANKRUPTCY  JUDGE,  OFFICE  OF  UNITED  STATES  TRUSTEE,  AND  ALL

21 INTERSTED PARTIES:

22     Comes now Wesley H. Avery, the duly appointed, qualified and acting chapter 7 Trustee

23 (the "Trustee") of the bankruptcy estate (the "Estate") of the above-captioned debtor Meredith Blake

24 (the "Debtor"), in Case No. 2:23-bk-16038-DS (the "Bankruptcy Case") and claimant Jeremiah

25 Langer ("Claimant".)  Trustee and Claimant hereby stipulate and agree (the "Agreement" or

26 "Stipulation") based on the following facts:

27

28

## RECITALS

1.    The Bankruptcy Case was commenced by the filing of a voluntary petition for relief by the Debtor under Chapter 7 of Title 11 of the United States Code on September 16, 2023. Shortly thereafter, the Trustee was duly appointed as the Chapter 7 Trustee in this Bankruptcy Case. Having lost at the trial on financial issues in the Family Law Court as set forth herein below, Debtor filed this bankruptcy to delay the entry of the Judgment by the Family Law Court.

2.    On December 26, 2023. Claimant filed a proof of claim in the case for $350,000 which he believed encompassed the ruling that was in his favor by the Los Angeles Superior Court in the context of a divorce proceeding and property division with the Debtor. ("Claim Number No. 5"). After the relief from stay was granted by this Court on March 4, 2024, the Family Law Judgment on reserved issues, with respect to finances, was entered on July 2, 2024. Claimant was awarded $311,226 and Debtor was awarded $30,042.31 of funds held in his attorney's trust account.

3.    Previously, the Debtor filed a Domestic Violence action in the Family Law action against Claimant wherein the Court ruled in Claimant's favor and against Debtor, dissolving the Temporary Restraining Orders on March 2, 2021. The Debtor filed an appeal with the Court of Appeal regarding the Domestic Violence ruling wherein they affirmed the lower court's ruling denying the Claimant's request for Restraining Order against Claimant. On September 19, 2019, before commencement of the Domestic Violence trial, Debtor filed a Civil lawsuit against Claimant, Los Angeles Superior Court Case Number 19SMCV01650 ("Unlisted Lawsuit") wherein Claimant was not personally served with this lawsuit until after the Domestic Violence trial on August 16, 2020. This civil lawsuit was based upon the same claims that were made in the Domestic Violence action.

4.    In or around March 2023, Debtor and Claimant entered into a one-year tolling agreement related to this Civil Lawsuit (LASC Case No.: 19SMCV01650 – Unlisted Lawsuit).

Before the tolling agreement expired, and without disclosure in Debtor's Bankruptcy petition of the purported claims against Claimant, the Debtor hired civil counsel and filed a second civil lawsuit on March 18, 2024 under case number 24SMCV01251 ("Unlisted Lawsuit") in the Los Angeles Superior Court, again, setting forth the same claims that Debtor made in the Domestic Violence action that were already adjudicated in the Family Court.  When the Debtor and her counsel were notified that they were not permitted to file such lawsuits as it was property of the Debtor's bankruptcy estate, the Debtor sought to control the improper litigation by amending her exemptions to include the Unlisted Lawsuit alleging claims and findings that were already adjudicated by the Superior Court, including claims related to child support.  The Trustee filed an objection to the exemptions to the Unlisted Lawsuit.  The Court sustained the objection to the exemption.  Through this stipulation, the Trustee resolves all claims against Claimant in connection with his proof of claim and unlisted lawsuit.

5.    Through this stipulation, Claimant will pay the Estate $39,000 as full and final settlement of all claims against him, in connection with his proof of claim against the Estate and any claims by the Estate against him.  Claimant retains and does not waive his claim for any malicious prosecution action that Claimant may have against the Debtor and her civil attorneys in connection with case number 24SMCV01251 which took place post-petition and are not property of the bankruptcy estate.   Further, Claimant's counsel will turn over to the Estate, $30,042.31 which was awarded to the Debtor in the family law court and is currently being held by Claimant's state court counsel.  Claimant will also withdraw his proof of claim filed in the case on December 26, 2023.

4.    In the interest of resolving the matter and to avoid the cost of litigation, the Parties agree to the terms and conditions of the settlement as set forth herein:

IN CONSIDERATION OF THE FOREGOING, and in order to maximize the potential recovery to the Estate, the Trustee and Claimant (collectively the "Parties") stipulate as to the

resolution of the issues between them as follows:

A.    Claimant will direct his family law counsel to pay to the Estate $39,000 for the resolution of all claims between the bankruptcy estate, including community property held by his counsel at time of the filing of the petition, as well as the claims asserted in the Undisclosed Lawsuit.

B.    Claimant will direct his family law counsel to turn over to the Estate, the moneys awarded to the Debtor by the family law court in the sum of $30,042.31.

C.    After payments set forth in paragraphs A & B above, Claimant's family law counsel, Levin & Margolin, is authorized forthwith to withdraw and distribute the remaining balance of the trust funds held by them in the approximate sum of $272,226 to Claimant, Jeremiah Michael Langer.

D.    Upon approval of this Stipulation by the Bankruptcy Court, Claimant will file withdraw his claim against the Estate.

E.    Upon approval of this Stipulation, the Trustee will dismiss the Undisclosed Lawsuit with prejudice.

F.    Upon execution of the instant stipulation, the Trustee shall file a motion for approval of the stipulation and of the compromise pursuant to Bankruptcy Rule 9019 by the Court.

G.    Each Party mutually and general releases the other, conditioned only upon approval by the Court of this Agreement.  Except as set forth herein, this Stipulation is a mutual general release and shall constitute the full and final settlement agreement between the Parties.  Each Party acknowledges that there is a risk that, after executing this Agreement, he will incur or suffer damage, loss, or injury which is unanticipated at the time of the execution of this Agreement.  Each Party assumes such risk and agrees that this Agreement and the releases contained herein shall and do apply to all unknown facts and unanticipated results, as well as those currently known or anticipated. Accordingly, each Party acknowledges that he is aware of the provisions of California Civil Code §1542 as set forth above and expressly waives all of its benefits and the benefits of any other similar

law of this or any other jurisdiction. Section 1542 reads as follows: "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

F.       A copy of this Stipulation shall be served on all parties in interest and creditors of this Estate pursuant to a motion to be filed with the Bankruptcy Court under Fed. R. Bankr. P. 9019.

G.       This Stipulation may be executed in counterparts, which shall be considered as a single document.  Furthermore, this Stipulation may be executed by facsimile copy, and facsimile signatures shall be treated as original signatures.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

H.    This Stipulation is subject to the notice and hearing requirements of the Bankruptcy Code and the approval of the Court.  Upon Court approval of the Stipulation, the Adversary Proceeding shall be dismissed.

IT IS SO STIPULATED AND AGREED.

DATED: September 26, 2024

WESLEY H. AVERY, Chapter 7 Trustee for the
Bankruptcy Estate of Meredith Blake

DATED: September 27, 2024

JEREMIAH LANGER

APPROVED AS TO FORM AND CONTENT:

DATED:  September   , 2024          HAVKIN & SHRAGO

By:__/s/ Stella Havkin_____
    STELLA HAVKIN
    Attorneys for Chapter 7 Trustee Wesley H.
    Avery

DATED: September 14, 2024          RESNIK, HAYES AND MORADI, LLP

By:_____
    Mattew Resnik

| In re:<br><br>Meredith Blake<br><br><div align="right">Debtor(s).</div> | CHAPTER 7<br><br>CASE NUMBER 2:23-bk-16038-DS |
|---|---|

### PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

A true and correct copy of the foregoing document MOTION FOR APPROVAL OF COMPROMISE WITH CLAIMANT JERIMIAH LANGER; DECLARATION OF TRUSTEE will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. OCTOBER 1, 2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

> United States Trustee (LA)     ustpregion16.la.ecf@usdoj.gov
>
> Wesley H Avery (TR) lucy@averytrustee.com;alexandria@averytrustee.com
>
> wes@averytrustee.com, C117@ecfcbis.com;
>
> Stella Havkin stella@havkinandshrago.com; shavkinesq@gmail.com
>
> Larry Simons larry@lsimonslaw.com, simonsecf@gmail.com; simonslr44533@notify.bestcase.com

☐ Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On October 1, 2024 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

| | |
|---|---|
| | |

<div align="right">☒ Service information continued on attached page</div>

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person <u>or entity served</u>): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

<div align="right">☐ Service information continued on attached page</div>

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 10/1/2024 | Stella Havkin | /s/ Stella Havkin |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                        **F 9013-3.1**

```
(p)CMRE FINANCIAL SERVICES INC        Elyse Margolin, Esq            American Express
3075 E IMPERIAL HWY STE 200 BREA      Levin Margolin                c/o Becket and Lee
CA 92821-6753                         8484 Wilshire Blvd            Po Box 3001
                                      Suite 660                     Malvern, PA 19355-0701
 Gursey Schneider                     Beverly Hills, CA 90211-3220
 2121 Avenue of the Stars
 Suite 1300
 Los Angeles, CA 90067-5081           IRS                           Franchise Tax Board
                                      Special Procedures            Special Procedures
                                      300 North Los Angeles, M/S 5022   PO Box 2952
                                      Los Angeles, CA 90012          Sacramento, CA 95812-2952
 Melissa Buchman, Esq
 9440 Santa Monica Blvd.
 Suite 301
 Beverly Hills, CA 90210-4614         Steven Wohl                   Jeremy Langer
                                      752 West End Avenue #9D        c/o Elyse Margolin, Esq
                                      New York, NY 10025-6232        Levin Margolin
                                                                     8484 Wilshire Blvd. Ste 660
                                                                     Beverly Hills, CA 90211-3220

                                      Larry D Simons                U.S. Bankcorp
                                      Law Offices of Larry D. Simons Attn: Bankruptcy
                                      15545 Devonshire Ave           800 Nicollet Mall
                                      Ste 110                        Minneapolis, MN 55402-7000
                                      Mission Hills, CA 91345-2686


                                                                    Meredith Blake
                                                                    2948 Queensbury Drive
                                                                    Los Angeles, CA 90064-4522
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
CMRE Financial Services               End of Label Matrix
3075 E. Imperial Hwy., #200           Mailable recipients     15
Brea, CA 92821                        Bypassed recipients      0
                                      Total                   15
```